Oral argument comes up next in the case of Micone v. Miller. Ms. Mathis. Good morning. May it please the Court, I'm representing the Secretary of Labor today. We are here today because Elmer Miller, who OSHA cited for willfully violating its fall protection standard, is once again attempting to sidestep responsibility for endangering his workers. OSHA has inspected Miller's roofing company 13 times in the last decade and found 38 violations of the fall protection standard. Every citation was sent to 433 East County Road, like the citation at issue here. Service to this address fulfilled OSHA's service obligations under the Act and under the Constitution. But now, before this Court, and for the first time, Miller claims that 433 East County Road is, quote, an address that is not associated with respondent, end quote. This is a blatant misrepresentation. It's contrary to public record, and it's contrary to Miller's own prior assertions to OSHA and to federal courts. Well, so, Ms. Mathis, it seems like based upon the respondent's briefs and based upon kind of your reply, is there a factual dispute here with regard to whether or not service was adequate under the statute and applicable regulations? No, Your Honor. Really, the only question in this case was whether service was reasonably calculated to provide Miller notice. And the Secretary attached exhibits that show, I mean a mountain of exhibits, that show that 433 East County Road is Miller's business address. All right. So Miller, for example, I think in its response brief says that the UPS receipt that says that it was received by Miller, that the board has not presented any evidence that either that it was accurate or that the Miller there was actually the respondent, Miller. And I'm curious, you don't think that is a factual dispute? Well, Your Honor, really, the Secretary does not have to really prove any of that because, again, the question is whether it was reasonably calculated to send the citation there. And, you know – Well, if that's the Secretary's position, I'm curious as to why the Secretary provided all this factual information in his reply. Well, that does go to whether it was reasonably calculated. And ultimately, you know, the Secretary didn't include all of this factual information in the certified agency record and really didn't reference it in the Secretary's brief because Miller waited until filing their brief to even raise this issue. The Secretary had no reason to expect that this would even be an issue until well after, you know, our main brief had been filed. So I guess, you know, my general question is, given the fact that this seems to be rather – well, at least, you know, in Miller's view, this is kind of muddled factually. Why shouldn't we just send it back to the board to, you know, either have hearings or make some sort of factual findings as to service as opposed to granting the petition outright? Well, Your Honor, this case is procedurally quite unique in that this is a final order that became a final order because the citation was not contested. And normally when a citation is contested, it goes before the commission, there's a hearing, et cetera, evidence is taken. But in this case, because the citation wasn't contested, it became a final order without any of those normal things. So really what would happen in this case if Your Honor did choose to, you know, quote, unquote, send it back, really what would need to happen would be the appointment of a special master in district court. Federal Rule of Appellate Procedure 48 governs this. And because this is a final order, as you said, really the only, you know, evidence taking or fact finding that would be able to happen there would be about service because the merits of this citation are, you know, that phase is over and this is a final order. If there are no further questions on that, I'd like to address the Secretary's evidence regarding Miller's business address. Despite Miller's misrepresentation that he is unassociated with 433 East County Road, I'd like to draw your attention to the public records that the Secretary attached to her reply brief. There's a lot of evidence, but specifically the public records I'd like to highlight because Douglas County, Illinois property and tax records shows that Miller Building Systems, the company that was cited here, owns the property where the citation was sent to. And to go back to your earlier question, Judge Lee, about, you know, whether or not, you know, what kinds of facts really need to be presented here, the commission has held that employers are responsible for having proper procedures, for managing their mail, et cetera. And because the citation was sent to a property owned by the business, clearly this was reasonably calculated. And ultimately that is on the employer to have these procedures in place to receive mail. But I'd like to turn back to the, I'd like to turn to Miller's motion to strike here. Miller is claiming that the attachments to the reply brief shouldn't be considered. But I have several points on this. First, the public records that are attached are very clearly under Federal Rule of Evidence 201B, judicially noticeable. And that rule says that the court may judicially notice a fact that's not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Miller, first of all, has not raised any specific, any disputes at all, really, with any specificity to the evidence. Second of all, the public records here are court orders. They are Douglas County, Illinois public records. I cannot see how these records could be subject to reasonable dispute in this case. This court specifically has held that information retrieved from government websites, first of all, is appropriate for judicial notice. This court has also held that court orders are public records that are appropriate for judicial notice. And, Judge Easterbrook, in your decision in the matter of lease in 2018, you did note that- It wasn't my decision. It was the Seventh Circuit's decision. I understand. I apologize. The decision that you penned. In this decision, specifically, it was laid out that a party does not need to request leave from the court to attach public records to briefs because they're appropriate subjects of judicial notice. I see that I'm running low on time. If there are no further questions, I'll save my time for a rebuttal. Mm-hmm. Chairman of the Council. Mr. Thies. It's Mr. Thies, Your Honor. Good morning, and may it please the court. I'd like to start out by correcting a misrepresentation from the other side. The respondent in this matter is not Miller Building Systems. It is rather Elmer Miller, an individual. And even if you accepted everything the Secretary says about the facts and Miller Building Systems being associated with 433 East County Road, there's no evidence whatsoever that Elmer Miller, the individual, is associated with that address. Other than the Douglas County tax records, which provide the mailing address of Miller Building Systems, LLC, care of Elmer L. Miller, 433 East, etc. So you think the Douglas County tax records are inaccurate? No, because it's quite common for property tax records or bills to be sent to, say, an accountant or to an agent for an entity. That's not necessarily proof that the individual is associated with that address. And furthermore, it would not be proper to serve an individual at an address associated with a business. You don't know whether or not the – yes, Judge. Why not? You don't know whether or not the individual is going to be there. So what? Right. The rule is you have to make a service calculated to provide actual notice. And you would think serving a building where, say, Miller Building Services CO Elmer M. Miller is listed in the public tax and land records is calculated to provide actual notice. Now, of course, it's possible that Miller has standing orders to his employees to tear up all certified mail. But what's calculated to provide information is not the same thing as something that succeeds. But let me be sure I understand your position. Are you contending that Miller Building does not own or operate a business at 433 East? There is no evidence of that fact in the record. No, that's not the question I asked. Are you contending that Miller Building does not operate a business at that address? No. But I am contending that it is not sufficient for the secretary to serve an address with no record whatsoever in the agency record. And why can we not take judicial notice of the public records? Two reasons. One is that there was not a proper request under the lease decision. You don't need to do that. Well, and number two. Believe me, you don't need to do that. So what's number two? Number two is that these sources are subject to reasonable dispute as to whether or not Elmer Miller is associated with the address. Other than the fact that it's his name and the very public record calls for service, for mail to be delivered, care of Elmer Miller? It identifies him as perhaps an agent of the company for receiving property tax bills. Now, the law does require a business to have procedures in place to process mail in order to make sure that the company can respond. I see nothing in the law that requires a company to have procedures in place to deliver mail to an individual. I hope you understand what the alternative to some reinforcement on the basis of the public records is. It's to appoint a special master with instructions to find out whether Miller does business at that address and with further instructions, if that is found, to award the entire costs of the proceeding, including the cost of the special master, the attorney's fees of the government, and maybe extra sanctions against Miller with the rule of enforcing them via contempt of court if they are not immediately paid. Is that what Mr. Miller wants? No. No, I'm perfectly sure it's not what he wants. But that's his only other option. Well, Judge, that would be bailing the agency out of a very shoddy job of serving a citation and recording it appropriately in the agency record. And OSHA has an enormous amount of power here. It can issue a citation. And OSHA deals with an enormous number of truculent, obstructive businesses, of which your client appears to be one. Judge, with respect, there is no evidence of that in the record. Other than refusing a certified mail twice? There's no evidence that he refused it whatsoever. It would be appropriate. Let's just imagine that day when the certified mail agent shows up and says, I have something for Elmer Miller. The employee says, this is Miller Building Systems. We're not Elmer Miller. I can't sign for it. Why would the employee be authorized to sign for individual mail to Elmer Miller? And so he says, no, I can't sign for it. That goes down as refused on the certified mail receipt. But that is no evidence whatsoever that my client is deliberately evading service. And, in fact, there's no evidence of that in the record. And the problem here, Judge, is that, Your Honors, is that if this court were to allow the agency to come back after the fact and put in additional evidence in a reply brief, it would be incentivized to not ensure that it is properly serving entities in the first place. Why didn't you raise this in response to the motion for summary enforcement? Why did you wait until the department had filed its brief? Because at the time we filed our answer, Judge, we had not yet seen the agency record. We could not possibly have raised the issue that there was not evidence of service in the agency record at the time when we filed our answer. We raised it at the earliest opportunity, which is after the record had been submitted and after the agency had submitted its initial brief, during which it tried to correct the absence of record of evidence in the record by attaching a copy of the Secretary of State registration, which showed, in fact, that the address of the business was not 433 East County Road, but rather 435. So that's the second strike. But, Counsel, wouldn't Mr. Miller be in a position to know whether or not he's been served? And so one would think that he would have enough information. He was uniquely positioned to have that information to raise it in answer to the motion. Well, actually, Judge, there was a two-year gap between when OSHA claims that served the citation and when the petition was filed in this court. When we went back to our client after that two-year gap, they had no memory and no recollection of being served two years prior. We don't know whether or not service was proper. And we certainly can't assume it because there's no evidence in the record. And I think this case is actually not so much about what Mr. Miller knew, but about whether or not OSHA's procedures are proper. And OSHA cannot go about serving citations without verifying the address to which it has sent them and putting that evidence in the agency record. If OSHA is not going to do that, then it has evaded review effectively. No court can overturn it. You can't just take OSHA's word for it that it has evidence that 433 is the correct address. And, again, back to the enormous power of OSHA. Page 21 of the record, which is very sparse, as I indicated, is a collection letter from OSHA. It outlines the consequences that accrue from the moment the citation is served without any court or agency review. They include interest over due penalties, collection costs, and reporting of unpaid debt to credit agencies. And all of that OSHA is claiming it should be able to impose on respondents prior to and without any court or agency review. And, in fact, if OSHA doesn't have proof that its address is correct in the record, it is asking you to be able to come back after the fact, two years later after the fact, and try to correct the problem that it did not get right the first time. That is an enormous abuse of government power. And it's not just this case where that's going to have implications. It's going to be every single respondent who has to respond to a citation from OSHA without OSHA having verified that it has the correct address for service. Now just a quick word on the motion to strike as well. There's no reason whatsoever the agency should be able to put in evidence in a reply brief. I think that's well established. And beyond that, they've now claimed that, well, the reason we did it is because we had no idea that Mr. Miller was going to raise this issue about the address. Well, no, it's the agency's burden to prove service. That's something the agency had to do. It wasn't our job. We objected. We said that service was improper. That means they need to justify all of it, both the service and that they had the correct address. And they failed to do that. But even beyond that, Your Honors, if the agency had a problem with us raising the argument in our brief, it could have argued waiver itself in its reply brief. And it did not do that. Instead, it submitted 80 pages of evidence at exactly the wrong time in a proceeding to be able to do that. And so they've waived their waiver argument. And our only recourse at that point was to bring our motion to strike to eliminate the evidence from the record. Now, I've addressed the public records, and I just want to address a moment, too, the evidence that they put in. None of it shows that Mr. Miller was associated with the 433 address, and it certainly doesn't show that he was associated with it in December 2022 when the citation was served. And, in fact, there are court orders among the materials that OSHA submitted for an entity that's entirely unrelated, Miller Brothers Building Systems. That's the entity that appears in the order by Judge Bruce where the address 433 East County Road is addressed. But there's no indication whatsoever that it's associated with Miller Brothers or, sorry, with Miller Building Systems rather than Miller Brothers Building Systems. That's exactly the kind of distinction that's important and that could be determined at a factual hearing. With that, Your Honors, I would ask that the petition be denied. Thank you, Counsel. Thank you. Ms. Mavis, anything further? Okay. I have a bit of a list here. I'm going to try to get through some of them quickly. We did indeed argue waiver. Judge Bruce, in that proceeding, Miller himself appeared and offered the 433 address for that company as the mailing address. Additionally, our citation was addressed to Elmer Miller doing business as Miller Building Systems, LLC. That's in the citation. Let's see. They also say that they could not have raised this address issue in their answer, but this is not true because the Secretary filed her petition for enforcement and attached the UPS receipt showing that the citation was sent to 433 East County Road. So weeks and weeks before they even filed their answer, they were aware of where the citation went. They were aware that this is what OSHA had done. I'd also like to note that in response to the so-called shoddy service at issue here, over the years Miller has refused to receive certified mailings from OSHA on so many instances that OSHA has resorted to hiring private process servers on at least four separate occasions since 2018. So despite this so-called great power of OSHA, Miller clearly believes that he can continue to avoid responsibility by simply not accepting certified mail. I see that I'm almost out of time. If there are no further questions, I'll just conclude with this court should refuse to sanction this behavior and grant the Secretary's petition or alternatively order the appointment of a special master. Thank you. Thank you very much. Case will be taken under advisement.